UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      v.                                      Docket No.: 1:22 CR. 332-001 (RC)

Antonio Williams

          Defendant.

**DEFENDANT ANTONIO WILLIAM'S SENTENCING MEMORANDUM**

Defendant, by and through counsel, submits the following sentencing memorandum. The parties have entered into a Rule 11(c) (1)(C) agreement whereby the parties agree that a sentence of 22.5 months is the appropriate sentence to be imposed in this case followed by a period of 36 months supervised release. The probation office has opined that they do not disagree with the party's agreement for a proposed sentence. Defendant respectfully requests that the Court accept the agreement of the parties and impose the agreed upon sentence.

**Consideration of 18 U.S.C. § 3553 (a) factors.**

The core requirement of 18 U.S.C. §3553(a) is that the court impose **"a sentence sufficient, but not greater than necessary**" to comply with the purposes of sentencing set forth in § 3553(a), which provides no order of priority among the factors. The factors outlined in § 3553(a) are as follows:

      \* The nature and circumstances of the of the offense and the history and characteristics of the defendant 18 U.S.C. § 3553(a)(1);

* the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A);

* the need for the sentence imposed "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B);

* the need for the sentence imposed "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2) (C)

* the need for the sentence imposed "to *provide the defendant with needed* educational or vocational training, *medical care*, or other correctional treatment in the most effective manner," 18 U.S.C. §    3552(a)(2)(D);

* the kinds of available sentences available, 18 U.S.C. § 3553(a)(3);

* the guidelines in effect at the date of sentencing and any pertinent policy statements, 18 U.S.C. § 3553(a)(4) and (5);

* "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6);

* "the need to provide restitution to any victims of the offenses," 18 U.S.C. § 3553(a)(7).

**APPLICATION TO THE INSTANT CASE**

Defendant concedes that he has had substantial contacts with the criminal justice system in the past. He acknowledges that firearms possession is dangerous, however, there is no allegation during the incident at issue he ever attempted to hurt anyone nor did he directly threaten physical harm to any victim. The evidence establishes only that the defendant possessed a firearm but no indication that he had if for any purpose other than his protection.

Based upon the conviction and criminal history the applicable guideline sentencing range is 30-37 months. The negotiated sentence of 22.5 months is 25% below the applicable bottom guideline sentence. This is a relatively minor departure. The defense agrees and joins in the arguments made by the prosecution in their sentencing memorandum.[1]

In addition to the arguments presented by the prosecution the defense notes that there is substantial history that precedes the arrest between the defendant and one of the arresting officers in this case. It is anticipated that if this case went to trial there would be revealed a potential history of animosity between one of the officers and the defendant. That history might call into question the credibility of that officer.

---

[1] The defense is filing this sentencing memorandum one day after the date scheduled by the Court. Undersigned counsel is currently on vacation with family out of the jurisdiction. Preparation of this memorandum was delayed due to logistics arising from undersigned counsel being out of the area and principally on vacation. Counsel has had the benefit of reviewing the prosecution's sentencing memorandum which was filed timely.

As noted by the probation office, the defendant has already served more time on Pretrial detention than the proposed sentence of 22.5 months. Assumedly if the Court imposes the 22.5 months proposed sentence, the defendant will not serve any more incarcerated time but go to supervised release. Although it was not a factor at the time of the negotiated plea, in the interim the defendant was shot multiple times. He is currently recovering from those wounds. Reincarcerating the defendant while he is recovering would be a substantial hardship and likely complicate his receiving medical attention.

## **Conclusion**

For the foregoing reasons as well as any others that may arise at a sentencing hearing in this case, the defendant respectfully requests the Court impose the sentence in the instant case that the parties have negotiated of 22.5 months followed by 36 months of supervised release. The defendant suggests the proposed sentence is "sufficient but not greater than necessary" to achieve the objectives inherent in sentencing.

Respectfully submitted,

_____s_____
Jonathan Zucker
37 Florida Av. NE
Suite 200
Washington, D.C.  20003
(202) 624-0784
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I certify that on August 27, 2024, I caused a copy of the foregoing Motion to be filed with the Clerk using the CM/ECF System which will send notification of this filing to all parties.

_____/s/_____
Jonathan Zucker